# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |  |
|---|---|---|---|
| TRACY BAKER, Individually and as the Administratrix of the Estate of Douglas H, Baker, Jr., | ) ) ) | C.A. No. | S18C-06-002 CAK |
|  | ) |  |  |
| Plaintiff, | ) |  |  |
| v. | ) |  |  |
|  | ) |  |  |
| MERCEDES-BENZ USA, LLC, DAIMLER NORTH AMERICA CORPORATION AND MERCEDES-BENZ U.S. INTERNATIONAL, INC., ET AL. | ) ) ) ) ) | | |
|  | ) |  |  |
| Defendants. | ) ) |  |  |

Submitted: November 15, 2022
Decided: December 12, 2022

## MEMORANDUM OPINION AND ORDER

### *UPON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*

### DENIED IN PART

Heather Long, Esquire, Kimmel Carter Roman Peltz & O'Neill, PA, 56 West Main Street, 4th Floor, Newark, DE 19714, Attorney for Plaintiff.

David L. Kwass, Esquire, Benjamin Baer, Esquire, Saltz Mongeluzzi & Bendesky P.C., One Liberty Place, 1650 Market Street, 52nd Floor, Philadelphia, PA 19103, Attorneys for Plaintiff.

Shari L. Milewski, Esquire, Maron Marvel Bradley Anderson & Tardy, LLC, 1201 N. Market Street, Suite 900, Wilmington, DE  19801, Attorney for Defendants Mercedes-Benz USA, LLC and Mercedes-Benz U.S. International, Inc.

David Killoran, Esquire, Squire Patton Boggs, 475 Sansome Street, 16th Floor, San Francisco, CA 94111, Attorney for Defendants Mercedes-Benz USA, LLC and Mercedes-Benz U.S. International, Inc.

Gerard Cedrone, Esquire, Lavin, Cedrone, Graver, Boyd & DiSipio, 190 North Independence Mall West, Suite 500, Philadelphia, PA 19106, Attorney for Defendants Mercedes-Benz USA, LLC and Mercedes-Benz U.S. International, Inc.

During the evening hours of July 30, 2016, Douglas and Tracy Baker travelled home from work, heading south on U.S. Route 13 near Laurel, Delaware. An intoxicated driver slammed a truck into the rear of the Baker's 1998 Mercedes ML320 forcing it into a spin and off the roadway. The Mercedes SUV flipped over. Mrs. Baker was able to get out of the vehicle which then exploded in a fireball. Mrs. Baker suffered burns and Mr. Baker died in the explosion.

The tragic events led to this lawsuit. When filed the suit included many defendants including the intoxicated driver, his employer, the business entity which rented the truck to the intoxicated driver, the manufacturer of the Mercedes SUV, and others. The case has been heavily litigated, and I have written an opinion concerning liability issues not related to the Mercedes defendants,[1] and others. All defendants except the Mercedes defendants have now settled their claims with the Plaintiff.[2] The remaining products liability claims are set for trial in February 2023.

The Mercedes defendants filed a Motion for Summary Judgment (the "Motion"). Plaintiff responded to the Motion, and the Court held oral argument on November 15, 2022.

---

[1] The Mercedes defendants include Mercedes-Benz USA, LLC and Mercedes-Benz U.S. International, Inc.
[2] The Plaintiff is Mrs. Baker individually and as Administratrix of her husband's estate.

The Motion addresses what Defendants believe are deficiencies in Plaintiff's proof. Specifically, Defendants attack the testimony of Neil Hannemann, an engineer offered as an expert by Plaintiff. Mr. Hannemann is an employee of Forensic Automotive Collision Team (FACT) of Santa Ynez, California, and an automotive design expert. The Mercedes defendants do not challenge Mr. Hannemann's credentials, but vigorously assault his opinions and the basis he uses to support his opinions. The Mercedes defendants also contend that an undisputed fact undermines his opinions.

Discovery is completed and the evidence is, to the extent it can ever be, locked in. The expert evidence certainly is. While it is difficult to assess the state of the case from a paper record, I have reviewed everything submitted in support of and opposition to the motion. Mercedes defendants make reasonable and rational arguments. But for me they are best left to be decided by a jury. In my opinion the Mercedes defendants raise factual questions. Under Superior Court Civil Rule 56, a motion to dismiss must leave no factual questions. I deny the Motion in part. I grant it with respect to the claim for punitive damages. My reasoning follows.

# I. **Mercedes Defendants Liability Contributions**

First year law students are taught that to support a negligence claim, Plaintiffs must prove (1) a duty of the defendant, (2) breach of the duty, (3) proximate cause and (4) damages.[3] There are several corollaries in an automobile crashworthy case. The standard of care is that of an ordinarily prudent manufacturer[4], and expert testimony must establish the standard.[5] Expert opinion must be relevant and reliable and trustworthy with an appropriate foundation. In short expert opinions must meet the *Daubert*[6] standards. Here the Mercedes defendants manufactured the automobile in question in 1997, so we must look to that time for any standards.

I digress to outline what I read as Mr. Hannemann's opinions. He tells us that he is an automotive design engineer with many years of experience. In that time, he has developed his principles of good engineering for automotive design. The principles include that motor vehicles should be designed to be as crashworthy as possible to do the following:

      (1) Maintain survival space

      (2) Provide proper space throughout the entire accident

---

[3] *Lenkenicz v. Wilmington City Ry. Co.,* 74 A.11 (Del. Super. 1980).
[4] *Nacci v. Volkswagen of Am. Inc.,* 325 A.2d 617 (Del. Super. 1974).
[5] *Robinson v. J.C. Penney Co., Inc.* 971.A.2d 899 (Del. 2009).
[6] *Daubert v. Merrell Dow Pharmacuticals, Inc.,* 509 U.S. 579 (1993).

(3) Prevent ejection

(4) Manage the collision energy

(5) Prevent post-crash fires[7]

The Mercedes defendants correctly argue the Hannemann principles are aspirational goals, and not standards of care. But Mr. Hannemann does get specific and address his principle 5, applicable to this case. He analyzes the design of the vehicle at issue, and reviews that design with what he believes happened.

The 1998 ML320 has a polymer hose which travelled from the gas tank and traversed a portion of the occupied section of the vehicle, and ultimately to the side of the vehicle where gas could be added. Mr. Hannemann opined that the hose was unprotected and was severed in the collision. The severed hose allowed gas to escape, through the potential crash zone, and into the occupied area. The escaped gas fed a fire and led to the explosion destroying the vehicle and killing its occupant.

Mr. Hannemann posits that one of several alternatives designed should have, been used which would have prevented this tragedy. The fuel hose could have, and according to Mr. Hannemann, should have, been run outside the vehicle and

---

[7] Hannemann report, p.6, Ex G to D.I. 372.

protected with steel.[8] The fuel hose could have also had a check valve to prevent the flow of gasoline from a ruptured hose. Such valves were available in 1998.

I have no doubt my description of Mr. Hannemann's views would seem simplistic to him and other automotive engineers. But I understand them and have faith that a jury could as well.

The Mercedes defendants make a number of challenges to this testimony.

## A. Lack of Standards

The Mercedes defendants contend Mr. Hannemann gives no standards at all. This contention for me conflates Federal Motor Vehicle Safety Standards[9] with what Mr. Hannemann is saying. Hannemann tells us he is not applying the FMVSS standards. As a matter of unchallenged fact FMVSS 301 was undergoing substantial revision at the time Mercedes made this car, and everyone in the industry knew it. Rather Hannemann applied what he believes are, and were at the time, appropriate automotive engineering standards. The Mercedes defendants disagree, and they are free to present their alternative views at trial. Hannemann opines to standards he believes are legitimate and raise jury questions.

---

[8] Hannemann deposition, p. 159, D.I. 372, Ex H.
[9] The standard at issue here is FMVSS 301.

## B.  Mercedes defendants claim Hannemann has no legitimate foundation for his opinions

In this portion of their argument the Mercedes defendants again attack the basis of Hannemann's opinions.  Their attacks raise a number of issues concerning Hannemann's factual assumptions and opinions.  The issues defendants raise are legitimate for cross examination, and response by Defendant's experts. For me they are not reason to exclude Mr. Hannemann's testimony.

The Mercedes defendants claim Hannemann agrees that they met the FMVSS 301 standard.  Plaintiff responds that the standard was inadequate and under review at the time Mercedes designed its vehicle, and everyone in the industry knew it.  In addition, Hannemann's opined and, fairly read, asserts the vehicle did not meet a standard a reasonable engineer would apply.

The Mercedes defendants challenge the physics of the rear end collision accident and assert no fuel system could have survived the forces of this collision. Again, perhaps effective cross-examination, and expert response, would establish this, but it is not a reason to exclude Hannemann's testimony.

The Mercedes defendants make a multi-pronged attack on Hannemann's standards.  They say no relevant standard required his alternative fuel design, and he only points to "irrelevant standards."  Hannemann references standards he applies relying upon his many years as an automotive design engineer.  Hannemann's views are for me understandable and pointed.  I summarize as follows:  vehicles stricken

in a collision should be designed to avoid gas fueled explosions. A manufacture could avoid fire by securing the fuel line. Defendants ran the vehicle's fuel line though the occupied area greatly increasing the risk of gas explosion. The explosion here was a result. None of this may be persuasive to a jury, but for me it is their decision, not mine.

## C. Causation

The Mercedes defendants make a final argument that they have evidence the gas explosion here resulted from a ruptured fuel tank, not a ruptured hose, and, thus, they say, there is no causation between Hannemann's opinions and the horrible losses suffered by the Plaintiffs. They point to the post-accident examination which showed the surviving portion of the fuel tank, and in particular the surviving filler hose spud, to conclude the explosion was not the result of the collision's effect on the hose.

Plaintiff's response notes the severe damage done to the fuel system, and eyewitness testimony from responding emergency personnel as evidence that the accident ruptured the fuel hose and caused the explosion. Emergency personnel saw two explosions, the second one being much larger. According to Plaintiff this supports its theory that escaping gas from the hose cause the secondary conflagration.

7

In order for Plaintiff to succeed in a defective design case, Plaintiff must prove a design defect caused injuries over and above what would have resulted had the produce been property designed.[10] The issue of proximate cause is almost always a question for the jury if it is supported by some degree of evidence.[11] In this case there is the requisite degree of evidence.

A portion of that evidence comes from eyewitness. Tracy Baker suffered minor injuries in the crash, but much more severe burn injuries when she tried to aid her husband. Mr. Baker survived the crash but died in the conflagration. The difference between the injuries caused by the collision, and those caused by the fire are stark. And it is a jury question as to the role played by the fuel system design.

## II. Punitive Damages

Delaware law requires a high bar for punitive damage claims. Plaintiffs must show "outrageous conduct", "an evil motive," or "reckless indifference."[12] For me this case is a claim of negligence. Nothing in the record shows the type of conduct necessary to support a claim for punitive damages. Plaintiff has pointed me to no evidence of reckless conduct, only their say so. That is not enough, and I grant the Mercedes defendants' Motion for Summary Judgment as to this claim.

---

[10] *Mazda Motor Corp. v. Lindahl,* 706 A.2d 526, at 532. (Del. 1998).
[11] *Id.*, at 532.
[12] *Jardel Co. v. Hughes,* 523 A.2d 518 (Del. 1987).

In summary, I am of the opinion that Plaintiff's expert testimony presents sufficient evidence to support Plaintiff's negligence claims. These claims are for the jury to determine. The Mercedes defendants' Motion for Summary Judgment is **DENIED** as to negligence claims.

Plaintiff does not present evidence of the type of reckless conduct to sustain punitive damage claims. The Mercedes defendants' Motion for Summary Judgment is **GRANTED** as to the punitive damage claims.

**IT IS SO ORDERED.**

/s/ Craig A. Karsnitz

cc:    Prothonotary